JOON W. SONG (SBN 180726)
THE SONG LAW GROUP,
A Professional Law Corporation
800 West 6th Street, Suite 1410
Los Angeles, California 90017
Tel: (213) 622-1300
Fax: (213) 622-1301

Attorneys for Secured Creditor,
HANMI BANK, a California Corporation

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HELEN FINCH,<br><br>      Debtor. | **Bk. No. 2:09-bk-46380-ER**<br><br>Judge Ernest M. Robles<br>Chapter 7<br><br>**SUPPLEMENTAL DECLARATION OF ANDY CHO IN SUPPORT OF HANMI BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY COMMONLY KNOWN AS 20944 QUAIL RUN DRIVE, WALNUT, CA  91789**<br><br>**Hearing On Motions**<br>DATE:      May 10, 2010<br>TIME:      10:00 A.M.<br>PLACE:    Courtroom 1568, 15th Floor<br>               255 East Temple St.<br>               Los Angeles, CA |

I, ANDY CHO, declare as follows:

1.     I am over the age of 18, and my primary place of employment is in the County of Los Angeles, State of California.  I am a Special Assets Officer of Hanmi Bank, a California corporation (hereinafter referred to as "Hanmi" or "Bank").

2.     I make this declaration (this "Declaration") of my own, personal, firsthand knowledge, except where otherwise noted, and, if called as a witness, I could and would

---

1
**SUPPLEMENTAL DECLARATION OF ANDY CHO IN SUPPORT OF HANMI BANK'S MOTION FOR RELIEF FROM STAY**

1  competently testify to the facts contained herein as they are personally known to me to be true.

2        3.      In my capacity as Special Assets Officer of Hanmi, I have and did have
3  custody, supervision and control of certain records and documents, one or some of which are
4  attached as exhibits to this Declaration. In particular, I am custodian of all records relating to the
5  loan at issue herein. I have reviewed the files concerning this matter and am familiar with the
6  facts set forth therein.

7        4.      I state that the records and documents referred to in this Declaration
8  constitute writings taken or made in the regular or ordinary course of Hanmi's business, at or
9  near the time of the act, condition or event to which the same relate. I further state from my own
10 knowledge that any such record or document as is referred to was prepared in the ordinary course
11 of Hanmi's business by a person employed by Hanmi, or, to the extent relevant, who has
12 personal knowledge of the event being recorded and who has a business duty to so record such
13 event. I am familiar with the ordinary and customary method and manner of the preparation and
14 maintenance of financial institution business records, and I am particularly familiar with the
15 method and manner of preparation of business records for the relevant time period.

16       5.      This declaration is being submitted in support of Hanmi's Motion for
17 Relief from the Automatic Stay as to the real property commonly known as 20944 Quail Run
18 Drive, Walnut, CA 91789, which property has an Assessor's Parcel No. of 8765-017-028 and
19 the legal description as stated on page one of that certain Deed of Trust, dated October 31, 2008,
20 encumbering the Property, which was duly recorded on November 4, 2008, in the Official
21 Records of the Recorder's Office of Los Angeles County, as instrument no. 20081949908 (the
22 "<u>Property</u>" and the "<u>Deed of Trust</u>," respectively). A true and correct copy of the Deed of Trust
23 is attached hereto as <u>Exhibit 1</u> and incorporated herein by this reference as though set forth in
24 full.

25       6.      The automatic stay commenced when Helen Kim filed a Voluntary
26 Petition under chapter 7 of the U.S. Bankruptcy Code as case no. 2:09-bk-46380-ER ("<u>Petition</u>").
27 ///
28 ///

## HANMI'S REAL PROPERTY COLLATERAL

7.  Helen Finch, an individual, also known as Helen M. Finch, as Helen Myung Kim, as Helen Myung Suk Finch and as Myung Suk Kim Finch ("Finch" or "Debtor"), together with James H. Kim, an individual ("Kim"), are owners and general partners of Whiskey Barrel & Cigar Shoppe, a California general partnership ("Partnership"), which owned and operated a convenience store and cigar shop known as the Whiskey Barrel & Cigar Shoppe (the "Subject Business"), located at 19772 E. Colima Road, Rowland Heights, California 91748 (the "Business Premises").  Hereinafter, Finch, Kim and the Partnership may sometimes be referred to collectively as the "Borrowers."  Borrowers held a leasehold interest in the Business Premises.

8.  On or about October 31, 2008, Hanmi and Borrowers entered into a written Business Loan Agreement and accompanying Loan Covenants and Conditions, each dated October 31, 2008 (collectively, the "Loan Agreement"), true and correct copies of which are attached hereto as Exhibit 2, and incorporated herein by this reference as though set forth in full.

9.  In connection with the Loan Agreement, on or about October 31, 2008, Borrowers made, executed and delivered to Hanmi, in writing, that certain Promissory Note, dated October 31, 2008, in the principal sum of $340,000.00 (the "Note").  A true and correct copy of the Note is attached hereto as Exhibit 3 and incorporated herein by this reference as though set forth in full.

10.  In order to induce Hanmi to extend or grant credit to the Borrowers pursuant to the Note, Loan Agreement and related documents, Finch executed for valuable consideration, in writing, and delivered to Hanmi that certain Commercial Guaranty, dated October 31, 2008 (the "Guaranty"), whereby Finch guaranteed to Hanmi the due and punctual payment when due, whether by acceleration or otherwise, of all obligations, liabilities, debts and indebtedness of the Borrowers, then existing or thereafter incurred or created, including Borrowers' loan obligations to Hanmi.  A true and correct copy of the Guaranty is attached hereto as Exhibit 4 and incorporated herein by this reference as though set forth in full.

///

11. As security for Finch's obligations to Hanmi under the Guaranty, on or about October 31, 2008, Finch, as trustor, executed and delivered to Hanmi, as beneficiary, the Deed of Trust.

12. Hereinafter, the Loan Agreement, Note, Guaranty, Deed of Trust and any related loan documents may be referred to collectively as the "Loan Documents." Hereinafter, Borrowers and Finch's respective obligations to Hanmi under the Loan Documents shall sometimes be referred to as the "Loan Obligations."

**BORROWER'S AND DEBTOR'S DEFAULTS**

13. Borrowers defaulted on their Loan Obligations to Hanmi by, among other defaults, failing to make the monthly payment due March 31, 2009, and each payment due thereafter, including failing to pay the entire outstanding loan balance due on the maturity date of July 30, 2009. Borrowers further defaulted on their Loan Obligations by ceasing operation of the Subject Business and by being evicted from the Business Premises.

14. Finch defaulted on her obligations under the Loan Documents, including the Guaranty, by failing to repay the unpaid balance due in accordance with the terms of the Guaranty and other Loan Documents.

15. As Borrower's loan has matured, the entire outstanding balance of the Loan Obligations is immediately due, owing and payable in full by Borrowers and Finch under the terms of the Loan Documents.

**OUTSTANDING BALANCE DUE AND AMOUNT OF ARRERAGES**

16. As of April 16, 2010, the outstanding sum due and owing from Finch to Hanmi under the Loan Documents, is at least $362,856.33, consisting of the following:

| | |
|---|---|
| Principal Balance: | $326,414.10 |
| Interest: | $30,742.71 |
| Late Charges: | $963.88 |
| <u>Attorneys Fees and Costs</u>: | |
| (as of April 16, 2010) | $4,735.64 (est) |
| TOTAL: | $362,856.33 (est) |

**FAIR MARKET VALUE OF THE PROPERTY AND LACK OF ANY EQUITY**

17.     As part of its regular process in considering foreclosure actions, Hanmi hired California Wilshire Appraisal, Inc., which sent Ho Joo Lee (the "Appraiser") to perform an appraisal of the Property. The Appraiser indicated that as of April 7, 2010, the appraised value of the Property was $590,000, as stated on page two of the appraisal report, a true and correct copy of which is attached hereto as Exhibit 5 and incorporated herein by this reference as though set forth in full (the "Appraisal Report").

18.     Based upon my review of the Appraisal Report, I am informed that the current fair dmarket value of the Property is approximately $590,000.

19.     Based upon my review of Schedule D to Debtor's Petition, I am informed that in addition to Hanmi's Deed of Trust, the Property is encumbered with a lien by Nationstar Mortgage, LLC in the amount of approximately $218,174.37, as of the date of Debtor's Petition (the "Nationstar Lien"). A true and correct copy of Schedule D from Debtor's Petition is included in Exhibit 6 as attached hereto and incorporated herein by this reference as though set forth in full.

20.     I am further informed that the amount of the Nationstar Lien likely has increased since Debtor filed the Petition. In her Chapter 7 Individual Debtor's Statement of Intention ("Statement of Intention"), Debtor stated in connection with the Nationstar Lien and the Property, that it is her intention to "Allow foreclosure [of the Property] to occur in due course," which clearly implies that Debtor did not intend to make and has not made any payments towards the Nationstar Lien since filing the Petition. A true and correct copy of Debtor's Statement of Intention is included in Exhibit 6 and incorporated herein by this reference as though set forth in full.

21.     Accordingly, I am informed that the minimum liens recorded against the Property exceed $581,030.70. I am further informed that when the estimated sale costs of approximately $47,200 are added to the lien amount, that there is no equity in the Property, and that Hanmi's interest is not adequately protected.

///

**DEBTOR'S INTENTION TO ALLOW FORECLOSURE OF THE PROPERTY**

22.  I am informed that Debtor is willing to allow foreclosure of the Property to proceed as indicated in her Statement of Intention as detailed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on April 19, 2010, at Los Angeles, California.

_____
ANDY CHO